Fritts *v.* Denemberger.

FRITTS and others *vs.* DENEMBERGER and others.

Allegations of fraud in procuring probate of will, and of existence of another will, must be clearly established by the proofs.

THE CHANCELLOR. There is a total failure of proof in this case. The answer, which is the joint and several answer of the defendants, denies every material allegation upon which the complainant relies for relief.

There is no proof whatever to establish any other will except the one which has been admitted to probate. I think all the allegations of fraud, as to the manner in

which the will was admitted to probate, are very clearly disproved, and that if a *caveat* had been filed, and the evidence taken which is now before me, the Orphans Court would have had no ground whatever upon which they could properly have rejected the will.

The proof as to there being any other will totally fails. Frederick Sharp's testimony cannot be relied upon as raising even a fair presumption as to there being a subsequent will. Judge Marsh explains how it was that he was under a misapprehension as to there being a subsequent will.

As to the deeds, the fraud is denied. Such a fraud could not have been perpetrated without the countenance of Judge Marsh. He would not have permitted the old man to have executed these deeds without understanding their purport, and I do not believe he did. The allegation, as to his inducement for executing these deeds —that the old man contemplated marrying, and that the deeds were made to protect the property at the solicitation of the defendants—is not proved, and there is evidence enough to show that the complainants were misinformed, and were under a misapprehension as to the defendants' connection with the transaction. The deeds were executed understandingly. Judge Marsh and Whitehead, both of whom advised in the transaction, would not have permitted the old man to have executed the deed otherwise.

As to the old man's capacity, no reasonable presumption is raised against it. There certainly was a good deal of second childhood about him, but there was no time, certainly for a long period after these deeds were executed, when his capacity to dispose of his property could be reasonably questioned.

The fraud alleged, as to procuring the lease from M. Gibbons, is not sustained by any proof. It is proved that Judge Marsh was sent for; that he and the old man went by themselves, and consulted about the transaction, and that it was fully explained to him.

The complainants have recognised the validity of the deeds by receiving the consideration which passed between the parties.

Bill dismissed with costs.